UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION

DAVID ERICKSON,

        Plaintiff,

v.

CASE No.: _____
IN ADMIRALTY

ERICKSON & JENSEN SEAFOOD
PACKERS, LLP, and ANNA E, LLC,

        Defendants.
_____/

## SEAMAN'S COMPLAINT

COMES NOW, Plaintiff, David Erickson, by and through the undersigned counsel, and hereby sues Defendants, Erickson & Jensen Seafood Packers, LLP, and Anne E, LLC, alleging as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a seaman and brings this action pursuant to the provisions of 28 U.S.C. §1916 without prepayment of fees and costs and without deposit of security therefor.

2. This District Court has jurisdiction over this cause pursuant to 46 U.S.C. § 30104 and 28 U.S.C. § 1333. This action is brought under the admiralty and maritime law as modified by the Jones Act, 46 U.S.C. § 30104. Plaintiff asserts admiralty and maritime claims within the meaning of Federal Rule of Civil Procedure 9(h).

3. Plaintiff David Erickson is a citizen of Florida.

4. Defendant Erickson & Jensen Seafood Packers, LLP, is a Florida Limited Liability Partnership with its principal place of business located at 1100 Shrimp Boat Lane, Fort Myers Beach, Lee County, Florida. Defendant is authorized to conduct and is conducting business within the District. Grant Erickson is a partner of Erickson & Jensen Seafood Packers, LLP.

5. Defendant Anna E, LLC, is a Florida Limited Liability Company with its principal place of business located at 1100 Shrimp Boat Lane, Fort Myers Beach, Lee County, Florida. Defendant is authorized to conduct and is conducting business within the District. Grant Erickson is a member and the manager of Anna E, LLC.

6. At all material times hereto, defendant F/V ANNA E was an American flag fishing vessel, official no. 595391, operating upon the navigable waters of the United States and the high seas. During the pendency of this litigation, the F/V ANNA E will be within the jurisdiction of this District Court, fishing out of Fort Myers Beach, Florida. The vessel spends approximately six months a year conducting shrimping operations out of Fort Myers Beach, Florida.

7. Upon information and belief, at all material times hereto, defendant Anna E, LLC, owned defendant F/V ANNA E.

8. Upon information and belief, at all material times, defendants Anna E, LLC and/or Erickson & Jensen Seafood Packers, LLP, operated, maintained, or controlled the F/V ANNA E and her appurtenances and equipment, and employed and controlled the vessel's crew and officers.

9. At all material times hereto, defendants Anna E, LLC and/or Erickson & Jensen Seafood Packers, LLP, employed Plaintiff as a Jones Act seaman in the service of defendant F/V ANNA E.

10. In the fall of 2021, defendants Anna E, LLC and/or Erickson & Jensen Seafood Packers, LLP entered into an oral contract to employ Plaintiff as the captain of the F/V ANNA E. At the time, the F/V ANNA was near completion of shipyard work in Roatan, Honduras. In exchange for Plaintiff's services captaining the F/V ANNA E, Defendants promised Plaintiff a daily rate of $300 to travel to Honduras and deliver the F/V ANNA E to Ft. Myers Beach. Defendants also agreed to pay all of Plaintiff's travel expenses. Defendants would bear costs for all vessel necessaries for the voyage to Florida.

11. At all material times hereto, the F/V ANNA E was afloat in navigable waters at the Roatan shipyard, lashed outside of two other vessels undergoing rebuilds. Plaintiff was required to walk across these two vessels in order to access the F/V ANNA E from the shipyard's dock.

12. On or about the evening of December 26, 2021, Plaintiff was transiting the deck of the vessel tied up alongside the dock when a steel deck plate shifted, causing Plaintiff to fall into the vessel's engine room. As he fell, Plaintiff sustained a deep laceration on his left leg from his crotch to his knee. Plaintiff thereafter obtained emergency care in Roatan before he flew home to Florida.

13. Back home in Florida, Plaintiff resumed medical treatment of his injuries sustained in the service of the F/V ANNA E, which include, *inter alia*, appointments with

orthopedic surgeons, physical therapists, and additional emergency care to treat Plaintiff's sepsis.

14. Plaintiff called Defendants, through their respective partner and manager, Grant Erickson, on the telephone and notified him of Plaintiff's ongoing medical treatment. Plaintiff requested that Defendants, through Grant Erickson, pay Plaintiff his maintenance and cure benefits. Defendants refused to pay for Plaintiff's maintenance and cure. This lawsuit follows.

## FIRST CLAIM: JONES ACT NEGLIGENCE

15. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 set forth above.

16. Plaintiff alleges upon information and belief, that on or about December 26, 2021, while Plaintiff was engaged in the course of his duties in the service of the F/V ANNA E, Defendants were negligent, as were the officers, agents, employees and all persons acting on their behalf, among other things, in:

    a. Causing, allowing, and permitting the said vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

    b. Causing, allowing, and permitting the vessel and her appurtenances to be in a dangerous, defective and hazardous condition;

    c. Failing to warn Plaintiff of impending dangers;

    d. Failing to provide a seaworthy vessel and a safe method of operation;

    e. Failing to provide Plaintiff with a safe place in which to work;

      f.      Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

      g.      Failing to provide sufficient and competent officers and co-employees;

      h.      Failing to inspect third party vessels Plaintiff was forced to encounter to perform his work;

      i.      Failing to supply proper gear and equipment, and to maintain the same in proper order;

      j.      Failing to provide safe means of ingress and egress to and from the vessel; and

otherwise acted so negligently as to cause grievous injury to Plaintiff's leg and hip when he fell attempting to access the F/V ANNA E to perform his work duties.

17.    As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to, *inter alia*, his leg and hip, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and said injuries will result in permanent disability to Plaintiff, all to his general damage according to proof.

18.    As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges that he will require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

19.    As a further result of said breaches of Defendants' duties, Plaintiff has

5

suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays leave to insert the elements of damage in this respect when the same are finally determined.

## SECOND CLAIM: UNSEAWORTHINESS

20. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 set forth above.

21. At all times material, Defendants owed an absolute, nondelegable duty to provide Plaintiff, captain of the F/V ANNA E, with a reasonably safe means of accessing the F/V ANNA E, regardless of who supplied, owned or controlled said access.

22. On or about December 26, 2021, while Plaintiff was engaged in the course of his duties in the service of the vessel, the vessel was unseaworthy in that, among other things:

   a. Said vessel and her appurtenances were being operated in such a manner as to unreasonably endanger Plaintiff's safety;

   b. Said vessel and her appurtenances were in a dangerous, defective and hazardous condition;

   c. The place where Plaintiff was required to work was unsafe;

   d. Sufficient and competent officers and co-employees were lacking;

   e. Sufficient gear and equipment in proper working order were lacking;

   f. Work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision; and

the said vessel was otherwise so unseaworthy as to cause grievous injury to Plaintiff's leg

and hip when he fell attempting to access the ANNA E to perform his work duties.

## THIRD CLAIM:
## WILLFUL AND WANTON FAILURE TO PAY MAINTENANCE AND CURE

23.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 set forth above.

24.     Upon Plaintiff's becoming injured and disabled as aforesaid, it became the duty of the Defendants to pay to Plaintiff the expenses of his maintenance and cure, as well as his wages for the contemplated period of employment, but said Defendants unreasonably neglected and then willfully and wantonly elected not to make any payment thereof, despite knowledge of Plaintiff's continuing disability.

25.     By reason of the premises, Plaintiff has been damaged in sums according to proof for maintenance, cure and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays for leave to insert the elements of damages in this respect when the same are finally determined.

26.     By reason of Defendants' unreasonable neglect and willful disregard of their maintenance and cure obligation, Plaintiff was obliged to engage the services of counsel and has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is entitled to recover.

27.     Defendants' willful and wanton disregard of their maintenance and cure obligation also entitles Plaintiff to an award of punitive damages in an amount sufficient to deter Defendants from repeating their willful and callous disregard for seamen's rights to maintenance and cure.

**WHEREFORE**, Plaintiff, David Erickson, prays for judgment against Defendants, Erickson & Jensen Seafood Packers, LLP, ANNA E, LLC, and each of them, jointly and severally, as follows:

1. For his general damages according to proof;

2. For all expenses for health care providers according to proof;

3. For all loss of income past and future according to proof;

4. For maintenance and cure according to proof;

5. For reasonable attorneys' fees and expenses;

6. For punitive damages according to general maritime law;

7. For prejudgment interest according to general maritime law;

8. For Plaintiff's costs of suit incurred herein; and

9. For such other and further relief as this District Court deems just.

DATED this 18th day of February 2022.

ANDERSON CAREY WILLIAMS & NEIDZWSKI

*/s/ Douglas R. Williams*
DOUGLAS R. WILLIAMS, Florida Bar No. 14876
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:   360-671-6711
Telefax:     360-647-2943
E-mail:      doug@boatlaw.com
Attorneys for Plaintiff